IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| SHANNON FLOWERS, | § | |
|     Petitioner, | § | |
| | § | |
| vs. | § | C.A. NO. C-12-162 |
| | § | |
| RICK THALER, | § | |
| Director, Texas Department of | § | |
| Criminal Justice, Correctional | § | |
| Institutions Division, | § | |
|     Respondent. | § | |

## MEMORANDUM AND RECOMMENDATION

Petitioner Flowers is an inmate in the Texas Department of Criminal Justice - Correctional Institutions Division ("TDCJ-CID") and currently is incarcerated at the Stevenson Unit in Cuero, Texas. The actions about which he complains occurred in Kleberg County, Texas. Petitioner filed this petition pursuant to 28 U.S.C. §§ 2241 and 2254 on April 24, 2012 (D.E. 1).[1] The underlying conviction which is the subject of the petition is a 2008 Kleberg County conviction for one count of aggravated sexual assault of a child and one count of indecency with a child. Petitioner argues that his constitutional rights were violated in a number of ways during the court proceedings. On August 7, 2012 respondent filed a motion for summary judgment to which petitioner responded on September 22, 2012[2] (D.E. 15, 18). For the reasons stated herein, it is

---

[1] See Spotville v. Cain, 149 F.3d 374, 376 (5th Cir. 1998)(federal habeas petition is considered filed on date it is placed in prison mail system).

[2] The pleading petitioner filed is entitled "Petitioner's Motion For Certificate of Appealability," but he appears to be arguing that he is entitled to equitable tolling of the

respectfully recommended that respondent's motion be granted and that petitioner's application for habeas corpus relief be dismisssed with prejudice because it is time-barred.

## JURISDICTION

The court has jurisdiction over this case pursuant to 28 U.S.C. § 1331 and venue is proper in this court because petitioner was convicted in Kleberg County, which is located in the Corpus Christi Division of the Southern District of Texas. 28 U.S.C. § 2241(d); Wadsworth v. Johnson, 235 F.3d 959, 961 (5th Cir. 2000).

## BACKGROUND

On May 29, 2008 petitioner pleaded guilty to aggravated sexual assault of a child and indecency by contact. Adjudication was deferred and petitioner was placed on community supervision for a period of ten years (Mot. for Sum. Jmt., App. A, pp. 5-6; D.E. 15-1 at 6-7). On November 18, 2008 an amended motion to revoke community supervision and to adjudicate guilt was filed. Petitioner was accused of twice committing felony theft, testing positive for marijuana, drinking three beers and failing to pay several fines, fees and court costs (Mot. for Sum. Jmt., App. A, pp. 10-11; D.E. 15-1 at 11-12). On January 29, 2009 petitioner was adjudicated guilty and sentenced to two twenty-year

---

statute of limitations and also that he should have been allowed to file a direct appeal in his state criminal case (D.E. 18). Because the pleading addresses respondent's argument that petitioner's case is time-barred, and because a motion for certificate of appealability would be premature at this point, the pleading is construed as a response to the motion for summary judgment.

terms to run concurrently to one another (Mot for Sum. Jmt., App. A pp. 1-2; D.E. 15-1 at 2-3).  Petitioner did not file a direct appeal.

On July 8, 2011 petitioner filed an application for habeas relief in state court.  Ex Parte Flowers, WR-77,158-02 (D.E. 11-4 at 5-49).  The Texas Court of Criminal Appeals denied the application without written order on March 21, 2012.  Id. at "Action Taken" page (D.E. 11-4 at 2).

Petitioner filed the instant federal petition on April 24, 2012 and makes the following allegations: (1) the prosecutor engaged in misconduct by withholding exculpatory evidence from the defense; (2) he received ineffective assistance of counsel because his attorney failed to meet with him or his family members, coerced him into taking the plea and failed to conduct an adequate investigation; (3) his guilty plea was not voluntary because his attorney told him that he could receive a 99-year sentence if he went to trial, even though his attorney knew there was no evidence on which to convict petitioner; (4) the indictment is faulty because on one of the dates he was alleged to have assaulted the victim she was in the custody of Child Protective Services and also because the medical evidence does not support the allegation of sexual assault; (5) there was no evidence to support the finding of guilt and (6) the defense attorney and prosecutor conspired to coerce petitioner into pleading guilty.

In his motion for summary judgment, respondent contends that petitioner's claims are barred by the statute of limitations.  Respondent reserved the right to argue the exhaustion issue at a later time, but concedes that petitioner's cause of action is not

3

second or successive. Petitioner counters that he is entitled to equitable tolling of the statute of limitations because he was misled by his attorney about the applicable deadlines.

## APPLICABLE LAW

### A. Statute of Limitations

Respondent argues that petitioner's application for habeas corpus was filed outside the one-year limitations period set by the Anti-Terrorism and Effective Death Penalty Act ("AEDPA"). Regarding the deadline for filing an application for writ of habeas corpus, the statute provides:

> (d)(1) A 1-year period of limitation shall apply to an application for writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of --
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or law of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244. Petitioner filed his current application for writ of habeas corpus after the effective date of the AEDPA and so is subject to its provisions. Lindh v. Murphy, 521 U.S. 320, 117 S.Ct. 2059 (1997).

Petitioner's conviction became final 30 days after the court entered the order of deferred adjudication, or on June 30, 2008. Tex. R. App. Pro. 26.2(a)(1). Because he is challenging the merits of his conviction, that date, rather than the date of the revocation of probation, is the date that triggers the one-year statute of limitations. Tharpe v. Thaler, 628 F.3d 719, 722 (5th Cir. 2010). Therefore, he had one year from June 30, 2008, or until June 30, 2009, to file his petition. He did not file it until April 24, 2012, almost three years too late.

Under the statute, the time during which a properly filed application for state court collateral review is pending shall not be counted toward any period of limitation. 28 U.S.C. § 2244(d)(2). See also Coleman v. Johnson, 184 F.3d 398 (5th Cir. 1999) (petitioner entitled to equitable tolling from the time he filed his state habeas application until it was denied). However, in this case petitioner did not file his state application until July 8, 2011, more than two years after the limitations period had expired. Accordingly, the state habeas petition did not toll the federal deadline. Scott v. Johnson, 227 F.3d 260, 263 (5th Cir. 2000).

Petitioner argues that he is entitled to equitable tolling of the statute of limitations. "'The doctrine of equitable tolling preserves a plaintiff's claims when strict application of the statute of limitations would be inequitable.'" United States v. Petty, 530 F.3d 361, 364

(5th Cir. 2008)(quoting United States v. Patterson, 211 F.3d 927, 930 (5th Cir. 2000)(per curiam)).  The AEDPA one-year limitations period is not jurisdictional and is subject to equitable tolling at the discretion of the district court.  Id. (citing United States v. Wynn, 292 F.3d 226, 229-230 (5th Cir. 2002)).

Equitable tolling is permissible only in "rare and exceptional" circumstances.  Davis v. Johnson, 158 F.3d 806, 811 (5th Cir. 1998).  Equitable tolling applies principally where the plaintiff is actively misled by the defendant about the cause of action or is prevented in some extraordinary way from asserting his rights.  Excusable neglect does not support equitable tolling.  Coleman, 184 F.3d 398, 402 (5th Cir. 1999)(citations omitted).  A petitioner seeking to have the AEDPA limitations period tolled must show (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in the way of his timely filing his habeas petition.  Lawrence v. Florida, 549 U.S. 327, 336, 127 S.Ct. 1079, 1085, 166 L.Ed.2d 924 (2007).  A prisoner proceeding *pro se* is not a "rare and exceptional" circumstance because it is typical of those bringing § 2254 claims.  Felder v. Johnson, 204 F.3d 168, 171 (5th Cir. 2000).

Petitioner claims that he was misled by his attorney and the court into believing that he could not file a direct appeal and that his attorney and the court withheld petitioner's file from him.  Petitioner seems to be arguing that filing a direct appeal in his case would have extended the deadline for filing this habeas action.  While it is true that if petitioner had filed a direct appeal the statute of limitations would not have begun to run until the conclusion of the appeal, he waived his right to file a direct appeal under the

terms of his plea agreement (Mot. for Sum. Jmt, App. A at 8; D.E 15-1 at 9).  Petitioner's attorney did not mislead him regarding his right to file an appeal.

Regarding petitioner's claim that neither his attorney nor the court will provide him with copies of the records in his case, petitioner has not specified what records he has requested or explained how the lack of records caused him to miss the deadline for filing his habeas action.  In addition, after his conviction petitioner was on probation for approximately five months until the motion to revoke community supervision was filed in his case (Mot. for Sum. Jmt., App. A at 5, 10; D.E. 15-1 at 6, 11).  He was free during that time to obtain copies of his records from the Kleberg County Courthouse.

Petitioner also states that he did not know about the one-year statute of limitations until he read about it in a Fifth Circuit case.  However proceeding *pro se*, or having a lack of understanding of a filing deadline, are not grounds for tolling the statute of limitations. Barrow v. New Orleans S.S. Ass'n, 923 F.3d 473, 478 (5th Cir. 1991).

Petitioner has shown neither that an extraordinary circumstance stood in the way of his timely filing his petition, nor that he diligently pursued his rights.  Accordingly his application for habeas relief is time-barred and should be dismissed with prejudice.[3]

---

[3] Even if the one-year period began to run on March 2, 2009, which was 30 days after the day his community supervision was revoked, his complaint still would have been time-barred and not subject to tolling.

**B. Merits**

Respondent did not address the merits of petitioner's claims. In the event the district court does not adopt the recommendation that petitioner's cause of action be dismissed as time-barred, the parties will be ordered to address the merits of the case and a supplemental Memorandum and Recommendation will be filed.

**C. Certificate of Appealability**

An appeal may not be taken to the court of appeals from a final order in a habeas corpus proceeding "unless a circuit justice or judge issues a certificate of appealability." 28 U.S.C. § 2253(c)(1)(A). Although petitioner has not yet filed a notice of appeal, the issue of whether he is entitled to a COA will be addressed. See Alexander v. Johnson, 211 F.3d 895, 898 (5th Cir. 2000)(a district court may *sua sponte* rule on a COA because "the district court that denies a petitioner relief is in the best position to determine whether the petitioner has made a substantial showing of a denial of a constitutional right on the issues before that court. Further briefing and argument on the very issues the court has just ruled on would be repetitious.").

A COA "may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "The COA determination under § 2253(c) requires an overview of the claims in the habeas petition and a general assessment of their merits." Miller-El v. Cockrell, 537 U.S. 322, 336 (2003).

Where a district court rejects the constitutional claims on the merits, the petitioner must show that reasonable jurists would find the district court's assessment of the

constitutional claims debatable or wrong. Slack v. Daniel, 529 U.S. 473, 484, 120 S.Ct. 1604, 146 L.Ed.2d 542 (2000). "A petitioner satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." Miller-El, 537 U.S. at 327, 123 S.Ct. at 1034.

A slightly different standard applies when the claims are dismissed on procedural grounds. In that instance, a petitioner must show, "at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right *and* that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Slack, 120 S.Ct. at 1604, 529 U.S. at 484 (emphasis added).

In petitioner's case, it is recommended that his claims be dismissed on procedural grounds. Reasonable jurists would not find it debatable that petitioner's claims are barred by limitations. Therefore, it is further recommended that any request for a COA be denied because petitioner has not made the necessary showing for issuance of a COA on either ground.

## RECOMMENDATION

It is respectfully recommended that respondent's motion for summary judgment (D.E. 15) be granted. Petitioner's application for habeas corpus relief should be

dismissed with prejudice because it is time-barred. It is further recommended that a Certificate of Appealability (D.E. 18) be denied.

Respectfully submitted this 5th day of October, 2012.

_____
B. JANICE ELLINGTON
UNITED STATES MAGISTRATE JUDGE

**NOTICE TO PARTIES**

The Clerk will file this Memorandum and Recommendation and transmit a copy to each party or counsel. Within **FOURTEEN (14) DAYS** after being served with a copy of the Memorandum and Recommendation, a party may file with the Clerk and serve on the United States Magistrate Judge and all parties, written objections, pursuant to Fed. R. Civ. P. 72(b), 28 U.S.C. § 636(b)(1)(C) and General Order No. 2002-13, United States District Court for the Southern District of Texas.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within FOURTEEN (14) DAYS after being served with a copy shall bar that party, except upon grounds of *plain error,* from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court. Douglass v. United Servs. Auto Ass'n, 79 F.3d 1415 (5th Cir. 1996)(en banc).